DODSON *v.* McELREATH.

Feb. 16, 1953

No. 38676        20 Adv. S. 1        62 So. 2d 885

*Jas. Stone & Sons* and *A. C. Muir,* for appellants.

*J. W. T. Falkner* and *J. W. Price,* for appellee.

HALL, J.

This is the second appearance of this case in this Court. On the first trial the lower court excluded all the evidence at the close of complainants' case and entered a decree for the defendants. On appeal therefrom we held that the evidence for complainants established the fact that defendant McElreath did make the false representations charged against him, but we added "This in no way concludes the question under the evidence which may be adduced on another trial." We further said "What the evidence may establish when the cause is fully tried and developed is not before us. We are considering the cause under a motion of defendants to exclude, having in mind the rules pertaining to that procedure." We accordingly reversed the decree of the lower court and remanded the cause for a full development of the facts and evidence for both sides at another trial. Dodson, et al. v. McElreath, 210 Miss. 160, 48 So. 2d 861.

On the second trial the record of the first trial was put in evidence by agreement of the parties and the defendants in the lower court then offered evidence which made a clear issue of fact on the question whether the alleged representations were made as to the existence of a lease upon the property. The chancellor found in favor of the defendants on that issue and the complainants have appealed again contending that the decree of the lower court is erroneous as a matter of law and that the chancellor's finding is against the overwhelming weight of the evidence.

Regardless of what conclusion we would have reached if considering the evidence as original triers of fact, we must review the record as an appellate court and when that is done we cannot say that the decree of the chancellor was contrary to law or contrary to the overwhelming

weight of the evidence. The decree of the lower court is accordingly affirmed.

Affirmed.

*Roberds, P. J.,* and *Kyle, Holmes* and *Lotterhos, JJ.,* concur.